**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000644
14-FEB-2012
08:32 AM**

NO. CAAP-11-0000644

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAII, Plaintiff-Appellee v.
DENNIS HERN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-11-00302)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we do not

have jurisdiction over Defendant-Appellant Dennis Hern's

(Appellant) appeal from the Honorable William Cardwell's

August 23, 2011 judgment dismissing without prejudice Plaintiff-

Appellee State of Hawaii's complaint against Appellant for

operating a vehicle under the influence of an intoxicant in

violation of HRS § 291E-61 (Supp. 2010), because the August 23,

2011 judgment dismissing without prejudice is not appealable

pursuant Hawaii Revised Statutes (HRS) 641-12 (Supp. 2010).

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai‘i 446, 449, 923 P.2d 388, 391 (1996). "Appeals from the district court, in criminal cases, are authorized by HRS § 641-12, which . . . provides in pertinent part that appeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Id. (internal quotation marks, emphasis, and brackets omitted). "Although interlocutory appeals in criminal matters may be taken to the supreme court from the circuit courts, there is no analogous statute authorizing interlocutory appeals from the district courts in criminal matters." Id. (citations and footnote omitted).

A decision or judgment is final for purposes of appeal "when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined." State v. Valiani, 57 Haw. 133, 134, 552 P.2d 75, 76 (1976) (construing HRS § 641-12) (citation, internal quotation marks, and ellipsis points omitted). The dismissal of a criminal complaint without prejudice is not a decision on the merits, and "a dismissal without prejudice is not a final order." United States v. Tsoie, 966 F.2d 1357, 1359 (10th Cir. 1992).

In State v. Kilborn, 109 Hawai‘i 435, 440, 127 P.3d 95, 100 (App. 2005), we concluded that "judgments of conviction entered in the district courts may not be appealed unless they are final. Judgments of conviction are not final unless they include the final adjudication and the final sentence." Id. at

442, 127 P.3d at 102 (emphasis added). The August 23, 2011 judgment dismissing without prejudice is not a decision on the merits and does not include a sentence against Appellant Hern. Therefore, the August 23, 2011 judgment dismissing without prejudice is not appealable pursuant to HRS § 641-12.

Absent an appealable judgment under HRS § 641-12, we lack jurisdiction over Appeal No. CAAP-11-0000644.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, February 14, 2012.

Presiding Judge

Associate Judge

Associate Judge